# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SHEILA HOLT                                                                                                         PLAINTIFF

v.                                       Case No. 4:09CV00818 JLH

U.S. BANK NATIONAL ASSOCIATION                                                         DEFENDANT

## ORDER

On May 19, 2010, the parties to this action obtained a protective order, which permitted them to file under seal any documents containing "confidential information." The protective order defines as "confidential information"

> [t]hose personnel files, medical reports, job descriptions, rates of pay policies, benefits information, financial information, proprietary information, bank account information, trade secrets, and other matters . . . relating to the operation and organization of Defendant and such other information as may be deemed by this Court to be relevant or material herein.

Document # 13.  The parties proceeded to file under seal every document pertaining to summary judgment, including the motion, response, reply, corresponding briefs, and exhibits.  In its opinion and order dated September 8, 2010, the Court asked the parties to designate the documents that contained truly confidential information so that the remaining documents could be made available to the public.  Document # 28.  Per the Court's order, counsel for U.S. Bank has proffered a list of the documents that U.S. Bank says contains confidential information, and the plaintiff has not objected to this list.  The first set of listed documents contains information "relating to the operation and organization of Defendant," which is confidential.  The second set of listed documents contains information regarding an employee at U.S. Bank who suffered from a serious medical condition; because of the sensitive nature of the employee's condition, that information is "deemed by this Court" to be confidential.  The third set of listed documents contains references to the plaintiff's

allegations that U.S. Bank Regional President Michael Shelley engaged in unethical conduct. The Court does not deem that information to be confidential. In its opinion and order dated September 8, 2010, which is public record, the Court discussed those allegations at length:

> Holt alleges that Michael Shelley, the U.S. Bank Region President, violated the same bank policy that she violated and was not terminated. However, Holt can point to no evidence that would support that allegation other than her deposition testimony in which she alleged that she overheard a phone conversation between Shelley and someone at a U.S. Bank branch in which he asked the branch to "take care of" a relative of his. Shelley testified that he never approved the cashing of a check for a family member. His testimony on that point is undisputed. Holt's testimony that Shelley asked a bank employee to "take care of" a relative does not show that Shelley violated a bank policy, and it cannot defeat U.S. Bank's properly supported motion for summary judgment.

Document # 28, p.7. The Court finds no justification for excluding from public purview all other references to Holt's allegations against Mr. Shelley when this summary of the allegations is public record.

Pursuant to Federal Rule of Civil Procedure 5.2(d), when a filing is made under seal without redaction, the court may order the party who made the filing "to file a redacted version for the public record." U.S. Bank has filed under seal its brief in support of its motion for summary judgment, its statement of undisputed facts, and its reply to the response to the motion for summary judgment. Documents ## 19, 20, and 27. Holt has filed under seal her response to the motion for summary judgment, corresponding brief, and response to the statement of facts. Documents ## 24, 25, and 26. The only confidential information contained in these documents are brief references to the U.S. Bank employee whose medical condition and employment situation has been deemed by this Court to be confidential. The parties could easily redact any identifying information from those documents and make them available for public record.

For the reasons stated above, the following documents shall remain under seal:

— Defendant's Exhibits 1, 2, 3, 5, 6, 8, 9, 12, 13, 14, 15, 16, 17, 21, 23, 26

— Plaintiff's Exhibits A, B (including Exh. 5 to Plaintiff's Exh. B), C, D, F, G, H, I

— Defendant's Brief in Support of the Motion for Summary Judgement (Doc. # 19)

— Defendant's Statement of Undisputed Facts (Doc. # 20)

— Plaintiff's Response to Motion for Summary Judgment (Doc. # 24)

— Plaintiff's Response Brief (Doc. # 25)

— Plaintiff's Response to Statement of Facts (Doc. # 26)

— Defendant's Reply to Response to Motion for Summary Judgment (Doc. # 27)

All other documents are to be unsealed by the Clerk of the Court. In addition, the Court orders U.S. Bank to file redacted versions of Documents ## 19, 20, and 27 within ten (10) days of the issuance of this Order. The Court orders the plaintiff to file redacted versions of Documents ## 24, 25, and 26 within ten (10) days of the issuance of this Order. The parties are instructed to redact any identifying information (i.e., name, job title, etc.) of the U.S. Bank employee whose medical condition and employment situation has been deemed by this Court to be confidential.

IT IS SO ORDERED this 30th day of September, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE